IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Criminal Action No. 08-10-JJF |
| : | |
| GERALD CROOKS, : | |
| : | |
| Defendant. : | |

**DEFENDANT'S PRE-TRIAL MOTION TO SUPPRESS**
**PHYSICAL EVIDENCE AND STATEMENTS**

Defendant, Gerald Crooks, by and through his undersigned counsel, Eleni Kousoulis, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing the government's use any and all evidence illegally seized by law enforcement officials from Mr. Crooks or from the Buick in which he was riding, on or about November 13, 2007, including any and all of Mr. Crooks's statements made to law enforcement officers.

In support of this motion, Mr. Crooks avers as follows:[1]

1.    On November 13, 2007, Officer Breslin of the New Castle County Police Department conducted a traffic stop of a Buick, which Mr. Crooks was driving, claiming that the

---

[1] The facts contained in this motion were taken from the police reports prepared in connection with this case. Although Mr. Crooks cites these facts in his motion, he does not concede that the events transpired as stated by the officers in this case. Mr. Crooks submits that an Evidentiary Hearing is needed to further develop the facts, which are determinative of this motion.

temporary registration to the vehicle had expired on October 16, 2007. In the vehicle with Mr. Crooks, were two passengers. Following the traffic stop, Mr. Crooks provided the officer with his driver's license. The officer alleges that a check on Mr. Crooks driver's license revealed that it was suspended and that Mr. Crooks had three outstanding capiases. Mr. Crooks was handcuffed and taken into custody. Mr. Crooks was subsequently asked if there were any illegal substances in the car, to which Mr. Crooks is alleged to have responded that there was a gun and some bullets in the car. A subsequent search of the car revealed a gun, ammunition and two small bags of marijuana. Subsequent to being taken to the police station, Mr. Crooks is alleged to have made several additional incriminating statements in response to questioning by officers.

2. A seizure occurs at the application of physical force to restrain an individual or when the individual submits to a showing of authority by law enforcement officers. United States v. Brown, 448 F.3d 239, 245 (3d Cir. 2006) (citing California v. Hodari D., 499 U.S. 621, 626 (1991). "When police make a traffic stop, a passenger in the car, like the driver, is seized for Fourth Amendment purposes and [] may challenge the stop's constitutionality." Brendlin v. California, 127 S.Ct. 2400, 2401, 2007 WL 1730143 (U.S.Cal.). Mr. Crooks was clearly seized by police in this case. A seizure without a warrant or probable cause may only be conducted in the form of a brief investigatory stop, when the officer has reasonable suspicion that the individual is engaged in criminal activity. Couden v. Duffy, 446 F.3d 483, 494 (3d Cir. 2006) (citations omitted).

3. The Fourth Amendment prohibits unreasonable searches and seizures. It is well-settled law that searches and seizures conducted without a warrant are per se unreasonable, and will only be allowed, if they fall within a few well-delineated exceptions. United States v. Katz, 389 U.S. 347, 357 (1967).

4.      In the present case, upon information and belief, Mr. Crooks had committed no traffic infraction or violation to warrant the stop of his vehicle. Thus, there was no probable cause or reasonable suspicion to stop Mr. Crooks' vehicle.

5.      Furthermore, even if the Court determines that there was probable cause to stop the vehicle, there was no probable cause or reasonable suspicion to justify the subsequent warrantless search of the vehicle.

6.      Because the search was illegal, all evidence seized from this illegal search, including any statements made by Mr. Crooks, must be suppressed in accordance with the "fruit of the poisonous tree doctrine," as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

7.      Mr. Crooks also moves under the Fifth Amendment and Miranda to suppress any statements he allegedly made during, or subsequent to, his illegal search and seizure. According to Jackson v. Denno, 378 U.S. 368, 380 (1964): "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined." Once the defendant raises the issue regarding the admissibility of a statement the government bears the burden of establishing compliance with Miranda v. Arizona, 384 U.S. 436 (1966) and its progeny. See Miranda, 384 U.S. at 475.

8.      It is a fundamental principle that a suspect subjected to custodial interrogation must be advised of his rights before making a statement. Miranda, 384 U.S. 436. If a statement is obtained, the government has a heavy burden of proving the suspect waived his rights knowingly, intelligently, and voluntarily. Id. at 444.

9.      In the present case, there was no affirmative indication of understanding or voluntary waiver of the entire litany of constitutional rights. See Miranda, 384 U.S. at 473-74 (discussing that

each right must be explained and attendant rights, such as the right to appointed counsel, must also be specifically explained and understood by the defendant). Mr. Crooks was not advised of his <u>Miranda</u> rights prior to being questioned by Officer Breslin at the scene. Furthermore, the government has provided no evidence that Mr. Crooks' subsequent waiver of his rights at the police station was a knowing, intelligent, or a voluntary waiver.

10. Mr. Crooks reserves the right to file a Memorandum of Law in support of his Motion to Suppress Physical Evidence And Statements after the completion of a hearing in this matter.

**WHEREFORE**, Defendant respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and subsequently enter an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officials on or about November 13, 2007, including any statements made by Mr. Crooks.

Respectfully submitted,

/s/
Eleni Kousoulis
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware  19801
(302) 573-6010
ecf_de@msn.com

Attorney for Defendant Gerald Crooks

Dated: March 10, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : : : | |
| v. | : : | Criminal Action No. 08-10-JJF |
| GERALD CROOKS, | : : | |
| Defendant. | : | |

## **ORDER**

The Court having considered Defendant's Pre-trial Motion to Suppress Physical Evidence And Statements and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2008, that any evidence seized at the time of Mr. Crooks arrest in this case, including any statements made by Mr. Crooks, shall be suppressed.

 

_____
Honorable Joseph J. Farnan, Jr.
United States District Court