Filed in Open Court This 24th day of June 2008

nms.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff | )<br>)<br>) |
| v. | ) Criminal Action No. 08-10-JJF<br>) |
| GERALD CROOKS,  Defendant. | )<br>)<br>) |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Ilana H. Eisenstein, Assistant United States Attorney for the District of Delaware, and the defendant, Gerald Crooks, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall enter a conditional plea of guilty, pursuant to Federal Rule of Criminal Procedure 11(a)(2), in the United States District Court for the District of Delaware to Count One of the Indictment. Count One charges him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), which carries a maximum sentence of a term of imprisonment of ten years, a fine of $250,000, or both, three years supervised release, and a $100 special assessment.

2. The defendant reserves the right to take an appeal from the judgment on the issue of the denial of his motion to suppress evidence and statements. However, the defendant waives his right to appeal any other issue that arose at the pretrial stage of the captioned case or that might have arisen at trial.

3.     The defendant has been fully advised and understands that if he prevails on appeal, he shall be allowed to withdraw his guilty plea. If the defendant does not prevail on appeal, however, he has no right to withdraw his plea of guilty.

4.     The defendant understands that if there were a trial, the Government would have to prove three elements of the offense that is: (1) on or about November 13, 2007, he knowingly possessed a firearm, that is, a High Point .380 caliber pistol, serial number P829036; (2) having been convicted of a crime punishable by imprisonment for a term exceeding one year on or about October 4, 2004; and (3) the firearm affected interstate commerce, that is, that the firearm had previously crossed state lines.

5.     The defendant agrees to forfeit all interests in the firearm and ammunition involved in the violation alleged in Count One of the Indictment, to wit, a High Point .380 caliber pistol, serial number P829036 and 36 .380 caliber rounds of ammunition seized from him by police on November 13, 2007. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

6. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the applicable mandatory minimum penalties and the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

7. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility is appropriate. The Government will not move for an additional one-point reduction, pursuant to Sentencing Guideline Section 3E1.1.

8. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_Eleni Kousoulis_
Eleni Kousoulis, Esquire
Attorney for Defendant

COLM F. CONNOLLY
United States Attorney

By: _____
Ilana H. Eisenstein
Assistant United States Attorney

_Gerald Crooks_
Gerald Crooks
Defendant

Dated: June 23, 2008

**AND NOW**, this __24__ day of __June__, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Joseph J. Farnan, Jr.
United States District Judge

4